UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ROGERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNTAIN VALLEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 2:24-cv-02587-TLN-CSK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' REQUEST TO PROCEED IFP<br><br>(ECF No. 2) |

Plaintiffs Anthony Rogers and Roberto Romero are representing themselves in this action and seek leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons stated below, the Court DENIES Plaintiffs' request to proceed IFP.

I.  **LEGAL STANDARDS**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." *Martinez v. Lutz*, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018) (citation omitted); *see also Anderson v. California*, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status.")

## II.  DISCUSSION

This action is brought by Plaintiff Rogers and Plaintiff Romero. Compl. at 1 (ECF No. 1). However, there is a single request to proceed IFP. (ECF No. 2.) The request names Plaintiff Rogers and Plaintiff Romero, and indicates Plaintiffs receive $4,000 in gross pay or wages and that their biweekly take-home pay or wages is $3,100. (ECF No. 2 at 1 ¶ 2.) The request, however, is signed only by Plaintiff Rogers. *Id*. at 2. For Plaintiffs to collectively proceed IFP in this action, each plaintiff must submit his own separate, signed, and complete IFP application. In the absence of IFP applications for each Plaintiff, the Court is unable to determine whether each Plaintiff qualifies for IFP status. *See Martinez*, 2018 WL 392466, at *1. To proceed in this action, Plaintiffs must: (1) pay the filing fee, or (2) each file a complete and signed application to proceed IFP within thirty (30) days from the date of this order. Plaintiffs are warned that failure to pay the filing fee, or submit complete IFP applications for each Plaintiff, by the prescribed deadlinem will result in a recommendation that this action be dismissed without prejudice. Accordingly, the Court denies Plaintiffs' request to proceed IFP (ECF No. 2) without prejudice.

## III.  CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiffs' request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice;
2. Plaintiffs must pay the filing fee or each file a complete and signed

|   |   |   |
|---|---|---|
| 1 |   | application to proceed IFP within thirty (30) days from the date of this |
| 2 |   | order; and |
| 3 | 3. | Plaintiffs are warned that failure to pay the filing fee or submit complete IFP |
| 4 |   | applications by each Plaintiff by the prescribed deadline will result in a |
| 5 |   | recommendation that this action be dismissed without prejudice. |

Dated:  March 31, 2025

*/s/ Chi Soo Kim*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, roge2587.24

3