UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ROGERS, et al., | Case No. 2:24-cv-02587-TLN-CSK |
| Plaintiffs, | |
| v. | ORDER |
| MOUNTAIN VALLEY UNIFIED SCHOOL DISTRICT, et al., | (ECF Nos. 8, 9, 13, 14) |
| Defendants. | |

Plaintiffs Anthony Rogers and Roberto Romero are proceeding in this action pro se.[1] Pending before the Court are the following motions: (1) Plaintiffs' motion for permission to e-file documents (ECF No. 8); (2) Plaintiffs' motion to appoint guardian *ad litem* (ECF No. 9); (3) Plaintiffs' motion to appoint counsel (ECF No. 13); and (4) Plaintiffs' motion for leave to file a Second Amended Complaint (ECF No. 14). No opposition has been filed to the motions. The first motion is one for administrative relief and is submitted without a hearing. E.D. Cal. L.R. 233. Pursuant to E.D. Cal. Local Rule 230(g), the remaining motions are submitted upon the record and the briefs.

**1.      Plaintiffs' Motion for Permission to E-File Documents (ECF No. 8)**

Plaintiffs request permission to file and receive documents electronically through

---

[1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

the Court's CM/ECF system. (ECF No. 8.) Plaintiffs note their travel time to file in-person in the Court, what their obligations as a CM/ECF user would be, and a technical proficiency. (*Id.*)

The Local Rules are clear that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* Local Rule 133(b)(2). Plaintiffs' motion for electronic case filing does not provide good cause for deviance from this Local Rule. Thus, Plaintiffs' motion to e-file is denied with respect to utilizing the CM/ECF system to file documents. Plaintiffs will continue to file paper documents with the Court through conventional means. Plaintiffs are informed that they may file documents by mailing them to the Court, rather than traveling in-person to file documents.

The Court is amenable, however, to allowing Plaintiffs to receive service of documents by electronic means. Should Plaintiffs wish to take advantage of this, they may file a request with the Clerk of Court to receive service of documents at their email addresses. If Plaintiffs file such a request, the Clerk is directed to configure Plaintiffs' account so that he will receive immediate email notifications when documents are filed in the case. In doing so, Plaintiffs will consent to receive service of documents electronically and will waive the right to receive service by first class mail under FRCP 5(b)(2)(D).

**2. Plaintiffs' Motions Related to Minor Children (ECF Nos. 9, 13)**

Plaintiffs are seeking to appoint themselves as guardian *ad litem* for three minor children, S.N., T.R., and Devin Nanez (ECF No. 9.) As of July 7, 2025, Devin Nanez is no longer a minor and Plaintiffs have withdrawn their request for a guardian *ad litem* as to Devin Nanez. (ECF No. 18.) Plaintiffs are also requesting the Court appoint pro bono counsel to represent the minors in this action. (ECF No. 13.)

The Ninth Circuit has held "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). The Ninth Circuit has also held that in such instances where the

guardian *ad litem* does not have counsel, the case should be dismissed without prejudice. (*Id*.) This rule remains the law of the Circuit. *Grizzell v. San Elijo Elementary School*, 110 F.4th 1177, 1181 (9th Cir. 2024) ("Our panel, however, is bound by *Johns*, which holds that a parent may not proceed *pro se* on her children's behalf."), *cert. denied sub nom. Grizzell v. San Elijo Elementary*, 2025 WL 1426678 (U.S. May 19, 2025); *see also Gabriel Charles Reed v. Eugene School District 4j*, 2025 WL 1779779, at *1 (9th Cir. June 27, 2025) ("The district court properly dismissed Reed's action because 'a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.'").

In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." *United States ex Rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, pro se Plaintiffs are seeking an appointment of counsel for two minor children. (ECF No. 13.) Plaintiffs argue this matter has complex issues and Plaintiffs themselves "lack the legal training or resources to fully protect the minors' legal interests at trial or dispositive motion stages." *Id*. at 1-2. However, it is well established that no right to counsel exists in the civil litigation context. *Madden*, 352 F.2d at 793. Plaintiffs have not established exceptional circumstances exists here. In addition, Plaintiffs' motion is not signed personally by Plaintiffs as required. *See* Fed. R. Civ. P. 11(a); E.D. Cal. L.R. 131(b). Accordingly, the Court denies Plaintiffs' motion for appointment of counsel.

As such, pro se Plaintiffs cannot bring a lawsuit on behalf of two minors without retaining a lawyer. This is so because the minor's right to trained legal assistance is greater than the parent's right to appear pro se. *See Johns*, 114 F.3d at 876. Accordingly, the Court also denies Plaintiffs' motion to appoint pro se Plaintiffs as

guardian *ad litem* for minor children, S.N. and T.R. The Court will provide Plaintiffs an opportunity to obtain counsel. Plaintiffs are granted 30 days of the service of this order to obtain legal representation.

### 3. Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 14)

On June 12, 2025, Plaintiffs filed their First Amended Complaint. (ECF No. 7.) On June 25, 2025, Plaintiffs filed a Second Amended Complaint. (ECF No. 12.) On July 1, 2025, Plaintiffs sought leave to file a Second Amended Complaint pursuant to Federal Rules of Civil Procedure 15 and filed an amended complaint labeled as a "Second Amended Complaint." (ECF Nos. 14, 15.) However, on July 3, 2025, Plaintiffs filed a "corrected redacted copy" of an amended complaint labeled as a "Second Amended Complaint." (ECF No. 16.) On July 7, 2025, Plaintiffs filed yet another amended complaint also labeled as a "Second Amended Complaint." (ECF No. 17.) None of these filings have been personally signed by Plaintiffs as required. *See* Fed. R. Civ. P. 11(a); E.D. Cal. L. R. 131(b).

Pursuant to Federal Rules of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course" twenty-one days after service of the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). As of June 12, 2025, no responsive pleading had been filed in this action. *See* Docket. Plaintiff's First Amended Complaint (ECF No. 7) was filed as a matter of right under Rule 15(a)(1)(B).

The Court grants Plaintiffs' request to file a Second Amended Complaint (ECF No. 14) where the request was filed before any responsive pleading or motion to dismiss was filed. *See* Fed. R. Civ. P. 15(a)(2); Docket. There is also no prejudice to defendants where Defendant Soter Technologies was able to file its motion to dismiss the Second Amended Complaint (ECF No. 19).

It is unclear why Plaintiffs have filed multiple versions of the Second Amended

Complaint, which appear to be duplicative except for redactions that were added in a subsequent version. (ECF Nos. 12, 15, 16, 17.) None of the Second Amended Complaints have been personally signed by Plaintiffs, and are therefore, defective. Federal Rule of Civil Procedure 11(a) requires that if a party is not represented by an attorney, "[e]very pleading, written motion, and other paper must be signed" by the party personally. Plaintiffs are instructed that while they remain unrepresented, they must each personally sign every pleading, motion, and other paper they submit to the Court and they must include their address, e-mail address, and telephone number on every pleading, motion, and other paper they submit to the Court.

To correct this deficiency and to clarify the docket, within thirty (30) days from the date of this order, Plaintiffs must re-file the Second Amended Complaint filed on July 7, 2025 at ECF No. 17 with the signature for each Plaintiff, address, e-mail address, and telephone number, and <u>no other changes</u>. *See* Fed. R. Civ. P. 11(a); E.D. Cal. L. R. 131(b). Accordingly, Plaintiffs' filings labeled as "Second Amended Complaint" are STRICKEN from the record. (ECF Nos. 12, 15, 16, 17.) Plaintiffs must timely serve any unserved defendants with the signed Second Amended Complaint and file certificates of service.

Defendant Soter Technologies is not required to re-file their motion to dismiss the Second Amended Complaint. Plaintiffs are reminded of their obligation to follow the Federal Rules of Civil Procedure, this district court's Local Rules,[2] and any Standing Orders of the judge(s) assigned to this case.[3] Plaintiffs' opposition or statement of non-opposition to Defendant Soter Technologies' motion to dismiss remains due fourteen (14) days after the filing of the motion or service of the motion on Plaintiffs. *See* E.D. Cal.

---

[2] The Local Rules of the United States District Court for the Eastern District of California are available on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

[3] Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

L.R. 230(c).

## CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for permission to e-file documents (EFC No. 8) is DENIED;
2. Plaintiffs may submit a request to the Clerk of Court to allow for electronic service by email, as instructed above;
3. Plaintiffs' motion for guardian *ad litem* (ECF No. 9) is DENIED;
4. Plaintiffs are granted 30 days of the service of this order to obtain legal representation for minor children, S.N., T.R. After Plaintiffs retain counsel, its counsel shall immediately file a notice of appearance no later than within thirty (30) days of this order;
5. Plaintiffs' motion to appoint counsel (ECF No. 13) is DENIED;
6. Plaintiffs' motion for leave to file a Second Amended Complaint (ECF No. 14) is GRANTED;
7. Plaintiffs must re-file the Second Amended Complaint filed at ECF No. 17 with the signature for each Plaintiff, and include each Plaintiff's address, e-mail address, and telephone number within thirty (30) days from the date of this order;
8. The Clerk's Office is directed to include a copy of the Second Amended Complaint filed on July 7, 2025 at ECF No. 17 with this order, and to provide a courtesy copy of this order to Plaintiff Anthony Rogers by the email address listed on the Second Amended Complaint (0420ant@proton.me); and
9. Plaintiffs' filings labeled as "Second Amended Complaint" are STRICKEN from the record (ECF Nos. 12, 15, 16, 17).

Dated:  July 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, roge2587.25