UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ROGERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNTAIN VALLEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 2:24-cv-02587-TLN-CSK<br><br>ORDER, AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 19, 24) |

Pending before the Court is Defendant Soter Technologies LLC's motion to dismiss the Second Amended Complaint ("SAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 19.) Plaintiffs filed an opposition and Defendant filed its reply. (ECF Nos. 30, 34.) A hearing was held on September 23, 2025,[2] at which Plaintiffs Anthony Rogers, Roberto Romero, and Devin Nunez appeared pro se, and attorney Mitchell Turbenson appeared for Defendant Soter Technologies. For the reasons that follow, the Court orders minor Plaintiffs S.N. and T.R., and claims brought on their behalf, are DISMISSED WITHOUT PREJUDICE, and further recommends GRANTING Soter Technologies' motion to dismiss.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

[2] The Court granted Plaintiffs' unopposed request to appear remotely at the hearing, and the hearing was held by Zoom. (ECF Nos. 31-33.)

1

I.   **BACKGROUND**

   A.   **Factual Allegations**[3]

The SAC alleges beginning in the summer of 2023, Defendant Mountain Valley Unified School District ("MVUSD") piloted Defendant Soter Technologies' FlySense vape-detector alerts district-wide. SAC at 2. On or about March 25, 2024, S.N. and T.R., eighth grade students, were interrogated without parental notification by Defendant Principal Claude Belongia after a "VAPE DETECTED" alert. SAC ¶ 12. Defendant Belongia "dismissed" their request for a "perfume test" and "ordered immediate suspension." *Id*. ¶ 13. The next day, Defendant Belongia threatened punitive discipline by stripping S.N. of "all sports and her Student Body President position." *Id*. ¶ 14. The SAC alleges Defendant Superintendent Anne-Marie Swanstrom justified the summary suspension based on the FlySense alert. *Id*. ¶ 15.

The SAC further alleges on February 12, 2025, Defendants Michael Edward Miller and Swanstrom detained Plaintiff Nanez and six other boys after a FlySense alert, "forcing them to 'empty your pockets or else' without finding contraband." SAC ¶ 18. The SAC alleges Defendants Miller and Swanstrom deprived Plaintiff Nanez of "privacy without contraband or due process." *Id*. ¶ 23. The SAC alleges Defendants Belongia and Swanstrom interrogated, intimidated, and suspended Plaintiffs without offering any intervention, education, or process safeguards." *Id*. ¶ 22. The SAC alleges the MVUSD "Board of Trustees failed to collect or remedy discipline disparities affecting Native and Latina students," including S.N., T.R., and Nanez, consistent with "disaggregation requirement." *Id*. ¶ 24.

   B.   **Procedural Posture**

Plaintiffs filed their Complaint on September 25, 2024. On June 12, 2025,

---

[3] These facts primarily derive from the SAC (ECF No. 29 at 1-12), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Plaintiffs filed a First Amended Complaint ("FAC"). FAC (ECF No. 7); see Fed. R. Civ. P. 15(a)(1). On July 1, 2025, Plaintiffs filed a motion for leave to file a SAC. (ECF No. 14.) Plaintiffs also filed multiple versions of the SAC, including unsigned versions. (ECF Nos. 12, 15, 16, 17.) The Court granted Plaintiffs' motion to file a SAC, ordered Plaintiffs to file a signed copy of the SAC filed at ECF No. 17, and struck the unsigned filings. 7/11/2025 Order. The operative complaint is the signed SAC filed at ECF No. 29 at 1-12.

## II.      LEGAL STANDARDS

### A.      Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.      Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559

F.3d 1061, 1071 (9th Cir. 2009).

## III.  DISCUSSION

The SAC alleges six causes of action: (1) "retaliation for protected speech" in violation of the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 (SAC ¶¶ 25-27); (2) "unlawful searches & denial of due process" in violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 (SAC ¶¶ 29-30); (3) "equal protection violation" pursuant to 42 U.S.C. § 1983 (SAC ¶¶ 31-33); (4) "municipal liability (*Monell*)" claim pursuant to 42 U.S.C. § 1983 (SAC ¶¶ 34-36); (5) "private-entity joint action" claim pursuant to 42 U.S.C. § 1983 (SAC ¶¶ 37-39); and (6) "negligent hiring, retention & statutory mis-assignment" pursuant to 5 California Code of Regulations § 80054.5 and California Education Code §§ 44830-31 (SAC ¶¶ 40-50). The SAC names the following defendants: MVUSD Board of Education, MVUSD, MVUSD Superintendent Swanstrom, Principal Belongia, Michael Edward Miller, and Soter Technologies. Plaintiffs seek compensatory damages in the amount of $2 million for each minor plaintiff; compensatory damages for Plaintiffs Rogers and Romero; punitive damages; declaratory and injunctive relief; and other forms of relief. SAC at 9-10.

Defendant Soter Technologies moves to dismiss the SAC for failure to state a claim. Before turning to the motion to dismiss, the Court first addresses minor Plaintiffs S.N. and T.R. and Plaintiffs' various unauthorized attachments to the SAC.

### A.   Dismissal of Minor Plaintiffs S.N. and T.R.

Pro se Plaintiffs Anthony Rogers and Roberto Romero filed a motion to appoint themselves as guardian *ad litem* for minor children S.N. and T.R.[4] (ECF No. 9.) As the Court previously explained to Plaintiffs in its written order and at the September 23, 2025 hearing, parents cannot bring a lawsuit on behalf of minors without retaining a lawyer. 7/11/2025 Order at 3-4 (ECF No. 24) (citing *Johns v. Cty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997); *Grizzell v. San Elijo Elementary School*, 110 F.4th 1177, 1181

---

[4] As of July 7, 2025, Devin Nanez was no longer a minor and Plaintiffs subsequently withdrew their request as to Devin Nanez. (ECF No. 18.)

(9th Cir. 2024); *Gabriel Charles Reed v. Eugene School District 4j*, 2025 WL 1779779, at *1 (9th Cir. June 27, 2025)). The Court denied Plaintiffs Rogers and Romero's request, but provided them with 30 days to retain counsel for S.N. and T.R. 7/11/2025 Order at 3-4. On August 12, 2025, the Court granted Plaintiffs Rogers and Romero an additional 30 days to obtain counsel for minors S.N. and T.R. (ECF No. 37.) Plaintiffs did not, however, obtain counsel for the minors, which they confirmed at the September 23, 2025 hearing. In addition, as of November 5, 2025, no counsel has been retained for minors S.N. and T.R. *See* Docket. Therefore, Plaintiffs S.N. and T.R., and claims brought on their behalf, are dismissed without prejudice.[5] *See Johns*, 114 F.3d at 876-77; *Grizzell*, 110 F.4th at 1181; *Reed*, 2025 WL 1779779, at *1.

### B.     Plaintiffs' Various Attachments

In granting Plaintiffs leave to file a SAC, the Court clearly instructed Plaintiffs to re-file a signed copy of the SAC filed at ECF No. 17. 7/11/2025 Order. The Court did not grant Plaintiffs leave to further amend the SAC or to file attachments to the SAC. *See id*. In addition to filing a signed copy of the SAC filed at ECF No. 17 (*see* ECF No. 29 at 1-12), Plaintiffs attached various documents to the SAC without leave of court (*see* ECF No. 29 at 13-50). This was improper. As the Court informed the parties at the hearing, the Court is not considering Plaintiffs' attachments filed at ECF No. 29 at 13-50, which were filed without leave and are not timely.[6]

### C.     Motion to Dismiss

Defendant Soter Technologies moves to dismiss the SAC for failure to state a claim against it because the SAC fails to allege that Soter Technologies acted under color of state law, personally participated in any alleged constitutional violation, or

---

[5] The Court notes that subsequent to the filing of Defendant Soter Technologies' motion to dismiss, motions to dismiss have been filed by the remaining defendants: MVUSD, MVUSD Board of Education, Belongia, Miller, and Swanstrom. (ECF Nos. 41, 42.) Briefing has not been completed on these motions. *See* Docket.

[6] The Court notes that even if it did consider the unauthorized attachments, such consideration would not change its recommendation to grant Soter Technologies' motion to dismiss without leave to amend.

caused the alleged injuries. Def. Soter Mot. at 1. The only claim in the SAC with any charging allegations as to Soter Technologies is the fifth claim, a Section 1983 claim titled "private-entity joint action." *See* SAC ¶ 39.[7] The SAC alleges: "Soter Technologies, Inc. entered into an agreement with MVUSD to install, monitor, and support FlySense systems. By providing real-time alerts, training staff, and integrating its protocols into MVUSD's disciplinary process, Soter knowingly facilitated unconstitutional searches under color of state law." SAC ¶ 39.

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See Lindke v. Freed*, 601 U.S. 187, 194 (2024); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private party's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). The Ninth Circuit recognizes four tests to determine whether a private party is a state actor to satisfy Section 1983's acting under color of

---

[7] The sixth claim for negligent hiring is the only non-Section 1983 claim, and this claim is not brought against Soter Technologies. *See* SAC ¶¶ 46-50. Plaintiffs further confirmed that the sixth claim is not brought against Soter Technologies in their supplemental filing. Pls. Clarification Notice (ECF No. 35).

state law requirement: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020).

In the SAC and Plaintiffs' opposition, Plaintiffs assert only the joint action test. *See* SAC ¶ 37; Pls. Opp'n at 4. Accordingly, the Court's analysis is limited to the joint action test where Plaintiffs do not assert the other state actor theories. Under the joint action test, courts consider whether state officials and private parties have acted in concert, leading to a deprivation of plaintiff's constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).

To establish the joint action test, there must be a "sufficiently close nexus" between MVUSD and Soter Technologies such that Soter's actions "may be fairly treated as that of the State itself" or where MVUSD has "so far insinuated into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Rawson*, 975 F.3d at 748 (quoting *Jensen v. Lane Cnty.*, 222 F.3d 570, 575-78 (9th Cir. 2000)). The joint action test is "intentionally demanding and requires a high degree of cooperation between private parties and state officials to rise to the level of state action." *O'Handley v. Weber*, 62 F.4th 1145, 1159-60 (9th Cir. 2023), cert. denied, 144 S. Ct. 2715 (July 2, 2024).

Here, the SAC makes conclusory allegations that Soter Technologies "knowingly facilitated unconstitutional searches under color of state law." SAC ¶ 39. The specific conduct by Soter Technologies that Plaintiffs challenge is that Soter Technologies "provid[ed] real-time alerts, train[ed] staff, and integrat[ed] its protocols into MVUSD's disciplinary process." SAC ¶ 39. This is insufficient to establish the demanding joint action test. *See O'Handley*, 62 F.4th at 1160; *Rawson*, 975 F.3d at 747-48. The Court concludes that Soter Technologies was not a state actor, and recommends dismissing the Section 1983 claims against it. Because Plaintiffs only raise Section 1983 claims against Soter Technologies and the state actor requirement is dispositive, the Court declines to address the parties' other arguments.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (2000) (en banc); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996). Here, Plaintiffs offer no proposed allegations that would sufficiently allege that Soter Technologies is a state actor. *See* Pls. Opp'n. Plaintiffs have also already amended their complaint twice. The Court concludes that amendment would be futile as to Plaintiffs' claims against Soter Technologies, and therefore, leave to amend should not be provided as to Soter Technologies.[8] *See Lathus*, 56 F.4th at 1243.

## IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Minor Plaintiffs S.N. and T.R., and claims brought on their behalf, are DISMISSED WITHOUT PREJUDICE.

Further, based upon the findings above, it is RECOMMENDED:

1. Defendant Soter Technologies' motion to dismiss the SAC (ECF No. 19) be GRANTED; and
2. Defendant Soter Technologies be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

/ / /

---

[8] Other defendants besides Soter Technologies remain in the action, and have filed motions to dismiss that have not been fully briefed.

455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 6, 2025

csk/roge2587.25

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE