UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY ROGERS, et al.,

             Plaintiffs,

      v.

MOUNTAIN VALLEY UNIFIED
SCHOOL DISTRICT, et al.,

             Defendants.

Case No. 2:24-cv-02587-TLN-CSK

ORDER AND FINDINGS AND
RECOMMENDATIONS

(ECF Nos. 41, 42, 43, 57, 60, 61)

Plaintiffs Anthony Rogers, Roberto Romero, and Devin Nanez are proceeding pro se in this action.[1] Pending before the Court are the following motions: (1) Defendants Mountain Valley Unified School District ("MVUSD") and MVUSD Board of Education's (collectively "MVUSD Defendants") motion to dismiss the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; or in the alternative, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (ECF No. 41); (2) Defendants Claude Belongia, Anmarie Swanstrom, and Michael Edward Miller's motion to dismiss the SAC pursuant to Rule 12(b)(6) for failure to state a claim, or in the alternative, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (ECF No. 42); (3) Defendants Belongia, Swanstrom, and Miller's motion to strike the SAC

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

pursuant to Rule 12(f) (ECF No. 43); (4) Plaintiffs' motion for leave to file a Third Amended Complaint ("TAC") (ECF No. 57); and (5) Plaintiffs' motions for leave to file supplemental authority in support of their motion to file a TAC (ECF Nos. 60, 61). Briefing is closed for all motions. On November 26, 2025, the Court submitted the motions to dismiss and motion to strike upon the record and briefs on file and vacated the December 2, 2025 hearing pursuant to Local Rule 230(g). 11/26/2025 Order (ECF No. 53). The Court also submits Plaintiffs' motions (ECF Nos. 57, 60, 61) upon the record and the briefs pursuant to Local Rule 230(g). For the reasons that follow, the Court RECOMMENDS GRANTING MVUSD Defendants' motion to dismiss (ECF No. 41) without leave to amend; GRANTING Defendants Belongia, Swanstrom, and Miller's motion to dismiss (ECF No. 42) without leave to amend; and DENYING Defendants Belongia, Swanstrom, and Miller's motion to strike (ECF No. 43) as moot. Furthermore, the Court ORDERS that Plaintiffs' motion for leave to file a TAC (ECF No. 57) is DENIED and that Plaintiffs' motions to file supplemental authority (ECF Nos. 60, 61) are DENIED.

## I.      BACKGROUND

### A.      Factual Allegations[2]

The Court incorporates the case background previously provided in its November 6, 2025 Order and Findings and Recommendations ("F&Rs"). *See* 11/6/2025 Order and F&Rs (ECF No. 46.) The SAC alleges that beginning in the summer of 2023, Defendant MVUSD piloted the FlySense vape-detector alerts district-wide. SAC at 2. In August 2024, Plaintiffs submitted a complaint raising concerns about FlySense's accuracy, student privacy, and lack of parental notification. *Id.* Defendant Board of Education did not respond or amend its policies despite Plaintiff's complaint. *Id.* On or about March 25, 2024, S.N. and T.R.,[3] eighth grade students, were interrogated without parental

---

[2]   These facts primarily derive from the SAC (ECF No. 23), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3]   Minors S.N. and T.R., and claims brought on their behalf, were previously dismissed

2

notification by Defendant Principal Belongia after a "VAPE DETECTED" alert. SAC ¶ 12. Defendant Belongia "dismissed" their request for a "perfume test" and "ordered immediate suspension." *Id*. ¶ 13. The next day, Defendant Belongia threatened punitive discipline by stripping S.N. of "all sports and her Student Body President position." *Id*. ¶ 14. The SAC alleges Defendant Superintendent Swanstrom justified the summary suspension based on the FlySense alert. *Id*. ¶ 15.

The SAC further alleges on February 12, 2025, Defendants Miller and Swanstrom detained Plaintiff Nanez and six other boys after a FlySense alert, "forcing them to 'empty your pockets or else' without finding contraband." SAC ¶ 18. The SAC alleges Defendants Miller and Swanstrom deprived Plaintiff Nanez of "privacy without contraband or due process." *Id*. ¶ 23. The SAC alleges Defendants Belongia and Swanstrom interrogated, intimidated, and suspended Plaintiff Nanez without offering any intervention, education, or process safeguards." *Id*. ¶ 22. The SAC alleges the MVUSD "Board of Trustees failed to collect or remedy discipline disparities affecting Native and Latina students," including S.N., T.R., and Plaintiff Nanez, despite "disaggregation requirement." *Id*. ¶ 24.

### B.    Procedural Posture

Plaintiffs filed their Complaint on September 25, 2024. (ECF No. 1.) On June 12, 2025, Plaintiffs filed a First Amended Complaint ("FAC"). FAC (ECF No. 7); *see* Fed. R. Civ. P. 15(a)(1). On July 1, 2025, Plaintiffs filed a motion for leave to file a SAC. (ECF No. 14.) Plaintiffs also filed multiple versions of the SAC, including unsigned versions. (ECF Nos. 12, 15, 16, 17.) The Court granted Plaintiffs' motion to file a SAC, ordered Plaintiffs to file a signed copy of the SAC filed at ECF No. 17, and struck the unsigned filings. 7/11/2025 Order (ECF No. 24). The operative complaint is the signed SAC filed at ECF No. 29 at 1-12.[4] On November 6, 2025, the Court issued an Order and F&Rs

without prejudice by the Court on November 6, 2025. *See* 11/6/2025 Order & F&Rs.

[4]   As previously noted, the Court did not grant Plaintiffs leave to further amend the SAC or to file attachments to the SAC. *See* 7/11/2025 Order; 11/6/2025 Order & F&Rs at 5. Because Plaintiffs attached various documents to the SAC without leave of court, the

dismissing minor Plaintiffs S.N. and T.R. and claims brought on their behalf without prejudice, and recommended that Soter Technologies' motion to dismiss be granted and Soter Technologies be dismissed with prejudice. *See* 11/6/2025 Order and F&Rs. On March 31, 2026, the district court adopted in full the November 6, 2025 F&Rs and dismissed Soter Technologies with prejudice from this action. 3/31/2026 Order (ECF No. 67).

## II.   LEGAL STANDARDS

### A.   Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.   Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual

---

Court will not consider Plaintiffs' attachments filed at ECF No. 29 at 13-50 as previously ordered. *See* 11/6/2025 Order & F&Rs at 5.

allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

### C. Motion to Strike under Rule 12(f)

Rule 12(f) grants the district court authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## III. DISCUSSION

The SAC alleges six causes of action: (1) "retaliation for protected speech" in violation of the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 (SAC ¶¶ 25-27); (2) "unlawful searches & denial of due process" in violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 (SAC ¶¶ 28-30); (3) "equal protection violation" pursuant to 42 U.S.C. § 1983 (SAC ¶¶ 31-33); (4) "municipal liability (*Monell*)"[5] claim pursuant to 42 U.S.C. § 1983 (SAC ¶¶ 34-36); (5) "private-entity joint action" claim pursuant to 42 U.S.C. § 1983 (SAC ¶¶ 37-39); and (6) "negligent hiring, retention & statutory mis-assignment" pursuant to 5 California Code of Regulations § 80054.5 and California Education Code §§ 44830-31 (SAC ¶¶ 40-50). The SAC names the following defendants: MVUSD Board of Education, MVUSD, MVUSD Superintendent Swanstrom, Principal Belongia, and Dean of Students Michael Edward Miller. Plaintiffs seek compensatory damages for Plaintiffs Rogers and Romero; punitive damages; declaratory and injunctive relief; and other forms of relief. SAC at 9-10.

Defendants move to dismiss the SAC for failure to state a claim, or in the alternative, for lack of subject matter jurisdiction. Defendants Belongia, Swanstrom, and

---

[5] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Miller also move to strike the SAC's request for punitive damages. The Court addresses each motion in turn.

### A.      MVUSD Defendants' Motion to Dismiss

MVUSD Defendants move to dismiss the SAC pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. MVUSD Defs. Mot. (ECF No. 41-1). Because the Court finds claims against MVUSD Defendants should be dismissed for failure to state a claim based on Eleventh Amendment immunity, the Court declines to address the alternative ground for dismissal.

MVUSD Defendants move to dismiss under Rule 12(b)(6), arguing all claims against them are barred by Eleventh Amendment immunity. MVUSD Defs. Mot. at 5. Plaintiffs concede California school districts enjoy Eleventh Amendment immunity and argue they do not seek monetary damages from MVUSD Defendants. Pls. Opp'n. at 4 (ECF No. 45). Instead, Plaintiffs argue they seek prospective and injunctive relief against "the Board" to stop ongoing constitutional violations caused by FlySense alerts. *Id.* The Court finds claims against MVUSD Defendants are barred pursuant to the Eleventh Amendment.

Claims for damages against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities). Pendent state law claims against nonconsenting state defendants in federal court are also barred by the Eleventh Amendment in federal court. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). The Ninth Circuit has held that "California school district and [county offices of education] remain arms of state and continue to enjoy Eleventh Amendment immunity."

*Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 934 (9th Cir. 2017); *see also Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992) ([U]nder California law, the school district is a state agency that performs central governmental functions [and is] protected by the Eleventh Amendment."). To the extent that a "school board's authority is coextensive with the authority of a school district under state law, a school board in California is likewise a state agency for purposes of the Eleventh Amendment." *Brouillette v. Montague Elementary Sch. Dist.*, 2014 WL 2453036, at *2 (E.D. Cal. May 30, 2014).

The Court finds that MVUSD Defendants are arms of the state for purposes of Eleventh Amendment immunity. Further, to the extent Plaintiffs contend they seek only prospective and injunctive relief against MVUSD Defendants, the SAC primarily seeks monetary damages and does not demonstrate that Plaintiffs are likely to suffer similar injuries in the future. *See* SAC at 9-10; *Caldwell v. LeFaver*, 928 F.2d 331, 335 (9th Cir. 1991) ("An individual's past exposure to alleged unlawful conduct is insufficient to establish standing to seek injunctive relief; instead, an individual must demonstrate the likelihood of similar injury in the future.). For these reasons, the Court finds that MVUSD Defendants are immune from Plaintiffs' claims under the Eleventh Amendment. Accordingly, the Court recommends granting MVUSD Defendants' motion to dismiss pursuant to Rule 12(b)(6) without leave to amend because amendment would be futile.

**B.    Defendants Belongia, Swanstrom, and Miller's Motion to Dismiss**

Defendants Belongia, Swanstrom, and Miller move to dismiss the SAC pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Individual Defs. Mot. (ECF No. 42-1). Because the Court finds claims against MVUSD Defendants should be dismissed for failure to state a claim, the Court declines to address the alternative ground for dismissal.

Defendants Belongia, Swanstrom, and Miller's move to dismiss under Rule 12(b)(6) arguing all claims against them in their official capacity are barred by Eleventh Amendment immunity. Individual Defs. Mot. at 4-5. Defendants Belongia, Swanstrom,

and Miller also move to dismiss under Rule 12(b)(6) claims against them in their individual capacity for failure to state a claim. *Id*. at 6-10. The Court finds claims brought against Defendants Belongia, Swanstrom, and Miller in their official capacity are barred pursuant to the Eleventh Amendment and claims brought against Defendants Belongia, Swanstrom, and Miller in their individual capacity fail to state a claim.

1.   *Defendants Belongia, Swanstrom, and Miller Sued in Their Official Capacities*

Plaintiffs bring claims against Defendants Belongia, Swanstrom, and Miller in their official capacities. *See* SAC at 1; ¶¶ 5-7. The Eleventh Amendment bars claims for damages against the state, its agencies, or its officers for actions performed in their official capacities. *Kentucky*, 473 U.S. at 169. California school districts are considered arms of the State. *See Belanger*, 963 F.2d at 253-54. Because the SAC brings claims against Defendants Belongia, Swanstrom, and Miller related to their actions as employees of MVUSD and in their scope of their employment in their official capacities, the Court finds claims brought against Defendants Belongia, Swanstrom, and Miller in their official capacity are barred by the Eleventh Amendment. Accordingly, the Court finds Defendants Belongia, Swanstrom, and Miller are immune from suit in their official capacities.

2.   *Defendants Belongia, Swanstrom, and Miller Sued in Their Individual Capacities*

Plaintiff brings claims for violations under 42 U.S.C. § 1983 (Claims 1, 2, 3) and "negligent hiring, retention & statutory mis-assignment" (Claim 6) against Defendants Belongia, Swanstrom, and Miller in their individual capacities. *See* SAC ¶¶ 15-50. These claims are the only claims in the SAC with any charging allegations as to Defendants Belongia, Swanstrom, and Miller. *Id.* The SAC alleges Defendants Belongia and Swanstrom "threatened and imposed punitive discipline in retaliation intended to chill further complaints" in violation of the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 (Claim 1); Defendants generally "conducted warrantless, suspicion-

8

less searches of minors without notice or hearing" in violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 (Claim 2); Defendants generally "selectively enforced FlySense alerts against Native and Latina students while ignoring similarly situated peers, lacking any rational basis and motived by individual animus" in violation of the Equal Protection clause pursuant to 42 U.S.C. § 1983 (Claim 3); and Defendant Swanstrom was negligent in hiring Defendant Miller to the Dean of Students pursuant to 5 California Code of Regulations § 80054.5 and California Education Code §§ 44830-31. SAC ¶¶ 25-33, 40-50.

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See Lindke v. Freed*, 601 U.S. 187, 194 (2024); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). That is, "an official may be liable as a supervisor only if either (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation." *Felarca v. Birgeneau*, 891 F.3d 809, 819-20 (9th Cir. 2018); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018).

Here, Plaintiffs' conclusory allegations against Defendants Belongia, Swanstrom, and Miller do not demonstrate a connection to, or involvement in any alleged constitutional violations. Vague and conclusory allegations concerning the involvement

of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). Because Plaintiffs fail to demonstrate a connection to, or involvement by Defendants Belongia, Swanstrom, and Miller to the alleged constitutional violations, the Court recommends claims brought against these defendants in their individual capacity be dismissed without leave to amend because amendment would be futile.

Plaintiffs also bring a claim for "negligent hiring, retention & statutory mis-assignment" against Defendant Swanstrom. Under California law, "an employer can be liable to a third person for negligent hiring, supervising, or retaining an unfit employee" based on "the facts that the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe v. Cap. Cities*, 50 Cal. App. 4th 1038, 1054 (1996). Here, Plaintiffs have not adequately alleged a negligent hiring/retention claim. The SAC generally alleges that Defendant Miller did not hold certain credentials as allegedly required to be a Dean for Students and Defendant Swanstrom's failure to verify Defendant Miller's credentials violated state law. SAC ¶¶ 40-50. Plaintiffs' conclusory allegations fail to show that Defendant Swanstrom is liable for negligently hiring or retaining Defendant Miller.

Based on the above, the Court recommends granting Defendants Belongia, Swanstrom, and Miller's motion to dismiss pursuant to Rule 12(b)(6) without leave to amend because amendment would be futile.

### C.      Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se

litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, the Court finds that amendment would be futile because Plaintiffs do not state any claim upon which relief can be granted as outlined above. The Court concludes that amendment would be futile, and therefore, leave to amend should not be provided. *See Lathus*, 56 F.4th at 1243.

### D. Defendants Belongia, Swanstrom, and Miller's Motion to Strike

Because this Court recommends that this action be dismissed in its entirety, the Court recommends Defendants Belongia, Swanstrom, and Miller's motion to strike (ECF No. 43) be DENIED as moot.

### E. Plaintiff's Miscellaneous Motions

Because the Court recommends the SAC be dismissed without leave to amend, Plaintiffs' motion for leave to file a TAC (ECF No. 57) and motions to file supplemental authority (ECF Nos. 60, 61) are DENIED as moot. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). The Court also notes that Plaintiffs have already filed several separate complaints, including some that were previously stricken, and the Third Amended Complaint would be their eighth complaint.

## IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to file a Third Amended Complaint (ECF No. 57) is DENIED; and

2. Plaintiffs' motions to file supplemental authority (ECF Nos. 60, 61) are DENIED.

Further, based upon the findings above, it is RECOMMENDED:

11

1. MVUSD Defendants' motion to dismiss (ECF No. 41) be GRANTED without leave to amend;

2. Defendants Belongia, Swanstrom, and Miller's motion to dismiss (ECF No. 42) be GRANTED without leave to amend;

3. Defendants Belongia, Swanstrom, and Miller's motion to strike (ECF No. 43) be DENIED as moot; and

4. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 3, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, roge2587.24

12